UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Domonic R. Malone, et al.,<br><br>           Plaintiffs<br><br>      v.<br><br>Heather Baca-Cook, et al.,<br><br>           Defendants | Case No. 2:24-cv-00745-CDS-BNW<br><br>**Order Denying Application to Proceed in forma Pauperis and Denying Motion for Class Certification**<br><br>[ECF Nos. 1, 1-3] |

      Nevada Department of Corrections (NDOC) inmate Domonic Ronaldo Malone, #69418, has submitted a pro se civil-rights complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. ECF Nos. 1-1, 1. Malone also filed a motion for class certification under Federal Rule of Civil Procedure 23. ECF No. 1-3. I note that Delbert Greene and Jamal Johnson are identified as plaintiffs in the complaint. ECF No. 1-1 at 1. According to the NDOC inmate database, Greene is currently housed at High Desert State Prison (HDSP), but Johnson is no longer incarcerated. The court does not have Johnson's current address.

      For the reasons discussed below, I find that Malone has amassed over three strikes under the Prison Litigation Reform Act (PLRA). Because the complaint does not plausibly allege that Malone faced an ongoing danger of serious physical injury when he filed it, he cannot proceed *in forma pauperis* in this action. I therefore deny Malone's *in forma pauperis* application and grant him an extension of time to pay the full $405 filing fee if he wants to proceed with this action. And I dismiss plaintiffs Greene and Johnson from this action without prejudice to each plaintiff's ability to file his own signed complaint, under a new case number, and either pay the required filing fee or apply for *in forma pauperis* status.

**I.      Filing fee**

      The PLRA provides that no prisoner may "bring a civil action or appeal a judgment in a civil action or proceeding" under *in forma pauperis* status "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Ninth Circuit explained in *Andrews v. Cervantes* that the exception to § 1915(g) applies only if the prisoner makes a plausible allegation that he or she faced "an ongoing danger" of serious physical injury "at the time the complaint was filed." 493 F.3d 1047, 1055–56 (9th Cir. 2007). "The prisoner may meet this requirement by 'alleging that prison officials continue with a practice that has injured him or others similarly situated in the past,' or that there is a continuing effect resulting from such a practice." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (cleaned up) (quoting *Andrews*, 493 F.3d at 1057). If the prisoner satisfies the exception, it applies to the entire complaint, not on a claim-by-claim basis or only for certain types of relief. *Andrews*, 493 F.3d at 1052.

### A. Malone has amassed at least three strikes under the PLRA.

Malone commenced this civil-rights action on April 17, 2024. ECF No. 1. On October 15, 2018, Malone commenced the civil-rights action styled *Malone v. Dzurenda*, Case No. 2:18-cv-01994-JAD-NJK (D. Nev.) (*Malone I*), while he was incarcerated at HDSP. *Malone I*, ECF Nos. 1 at 3; 1-1 at 1. The district court dismissed Malone's complaint for failing to state a claim upon which relief could be granted, and granted him leave to file an amended complaint if he could cure the stated defects. *Id.* at ECF No. 4. On December 12, 2019, when Malone failed to file an amended complaint by the deadline, the district court dismissed the action. *Id.* at ECF No. 5. This constitutes Malone's first strike under the PLRA. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[H]old[ing] that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

On March 11, 2020, Malone commenced the civil-rights action styled *Malone v. Nev. Dep't of Corr.*, Case No. 2:20-cv-00504-GMN-EJY (D. Nev.) (*Malone II*), while he was incarcerated at HDSP. *Malone II*, ECF Nos. 1 at 3, 1-1 at 1. The district court dismissed Malone's complaint for failing to state a claim upon which relief could be granted, and granted him leave to file an amended complaint if he could cure the stated defects. *Id.* at ECF No. 6. Malone filed an amended

complaint, which the district court dismissed on May 14, 2021, for failing to state a claim upon which relief could be granted. *Id.* at ECF No. 9. This constitutes Malone's second strike under the PLRA. *See Harris*, 863 F.3d at 1143.

Malone appealed the dismissal order in *Malone II* to the Ninth Circuit Court of Appeals. *Malone II*, at ECF No. 12. On March 17, 2022, the appellate court dismissed Malone's appeal as "frivolous." *Id.* at ECF Nos. 16, 17 (regarding Appeal No. 21-15944). This constitutes Malone's third strike under the PLRA.

On February 10, 2023, Malone commenced the civil-rights action styled *Malone v. State of Nevada*, Case No. 2:23-cv-00217-APG-NJK (D. Nev.) (*Malone III*), while he was incarcerated at HDSP. *Malone III*, at ECF Nos. 1-1 at 1; 3 at 3. The district court dismissed the complaint for failing to state a claim upon which relief could be granted, noting that Malone's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as he sought to have his sentenced vacated and be released from custody. *Id.* at ECF No. 9. The district court granted Malone leave to file an amended complaint if he could articulate a claim that was not barred by *Heck*. *Id.* at 5. On June 12, 2023, when Malone failed to file an amended complaint, the district court dismissed the action for, among other things, failure to state a claim upon which relief could be granted. *Id.* at ECF No. 11. This constitutes Malone's fourth strike under the PLRA. *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (holding that "*Heck* dismissals may constitute Rule 12(b)(6) dismissals for failure to state a claim"—and thus a strike under the PLRA—"when the pleadings present an 'obvious bar to securing relief' under *Heck*").

### B. Malone's complaint does not satisfy § 1915(g)'s exception.

As outlined above, on more than three occasions before Malone initiated this action, federal courts have dismissed civil actions and appeals that Malone commenced while he was detained or incarcerated because the proceedings were frivolous or failed to state a claim upon which relief could be granted. So to be granted *in forma pauperis* status and proceed in this action without prepaying the full $405 filing fee, Malone's complaint must plausibly allege that he faced "imminent danger of serious physical injury" when he filed it. 28 U.S.C. § 1915(g).

The complaint alleges that Malone was falsely charged with disciplinary violations for entering segregated housing units without permission, denied due process during the subsequent disciplinary proceedings, and was convicted of the charges and sanctioned, among other things, by losing his job as a clerk in the prison's law library. ECF No. 1-1. The complaint also alleges that Malone was treated differently from other inmates in the disciplinary proceeding because he is Black. *Id.* But there are no factual allegations that Malone faced "an ongoing danger" of "serious physical injury" when he filed the complaint. Because the complaint does not satisfy § 1915(g)'s imminent-danger exception, Malone must pre-pay the full $405 filing fee if he wants to proceed with this civil-rights action. Malone's application to proceed *in forma pauperis* is therefore denied.

## II.     Greene, Johnson, and the motion for class certification

Litigants who are not represented by counsel are pro se and have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. But pro se litigants have no authority to represent anyone other than themselves. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases and explaining that a non-attorney plaintiff cannot pursue claims on behalf of others in a representative capacity); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This means pro se litigants cannot seek to certify a case as a class action themselves; they must be represented by counsel. *See Simon*, 546 F.3d at 665 (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding a pro se prisoner may not bring a class action on behalf of fellow prisoners)). "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). "However, a court may under 'exceptional circumstances' appoint counsel for civil litigants [under] 28 U.S.C. § 1915(e)(1)." *Id.*

In any event, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Nevada Local Rule LSR 2-1 provides that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

Malone cannot bring claims on behalf of others like Johnson or Greene, including in a representative capacity using Rule 23's class-action device, because he is a pro se litigant not an attorney. The motion for class certification is therefore denied. Although the complaint's caption states that it is brought by Malone, Johnson, and Greene, that pleading is signed by only Malone. ECF Nos. 1-1 at 14; ECF No. 1-3 at 5. And neither Greene nor Johnson has paid the full $405 filing fee in this action or applied to proceed *in forma pauperis*.

Considering that Malone has three strikes under the PLRA and is the only plaintiff who signed the complaint, I dismiss Johnson and Greene from this action without prejudice. This means only Malone is permitted to proceed in this action currently. If any other plaintiff wishes to proceed with his claims, he must file a signed complaint with the court, under a new case number, and either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis*.

### III.     Conclusion

It is therefore ordered that Malone's application to proceed *in forma pauperis* **[ECF No. 1] is denied** because that state prisoner has three strikes under the PLRA, and the complaint does not satisfy 28 U.S.C. § 1915(g)'s imminent danger exception.

It is further ordered that this action will be dismissed without prejudice unless Malone pays the full $405 filing fee **by August 12, 2024**.

It is further ordered that the motion for class certification **[ECF No. 1-3] is denied**.

It is further ordered that plaintiffs Delbert Greene and Jamal Johnson are dismissed without prejudice from this action.

It is further ordered that if either Delbert Greene or Jamal Johnson wishes to proceed with his claims, <u>each</u> person must file <u>his own</u> complaint with the court, under a <u>new</u> case number, and either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis*.

The Clerk of the Court is directed to send Delbert Greene courtesy copies of the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same, the complaint (ECF No. 1-1), and General Order No. 2021-05 by sending the same to HDSP's law library.

Dated: July 11, 2024

_____
Cristina D. Silva
United States District Judge