UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Domonic R. Malone,

           Plaintiff

  v.

Heather Baca-Cook, et al.,

           Defendants

Case No. 2:24-cv-00745-CDS-BNW

**Order Vacating Parts of July 11, 2024, Order**

This pro se civil-rights action under 42 U.S.C. § 1983 was brought by state prisoner Domonic Malone on behalf of himself and two other inmates. ECF No. 1-1. On July 11, 2024, I denied Malone's motion for class certification; dismissed all plaintiffs from this action without prejudice except Malone; denied Malone's application to proceed *in forma pauperis* (IFP) on grounds that he had amassed over three strikes under the Prison Litigation Reform Act (PLRA), but not met 28 U.S.C. § 1915(g)'s exception; and gave Malone until August 12, 2024, to pay the full $405 filing fee if he wanted to proceed with this action. Order, ECF No. 3. For the reasons discussed below, I vacate the parts of that order finding that the district courts' dismissals of *Malone II* and *Malone III* constitute strikes under the PLRA and denying Malone's IFP application on three-strike grounds, and I reinstate Malone's IFP application.

I.     **Discussion**

In denying Malone's IFP application, I found that the district court's May 14, 2021, dismissal of *Malone v. Nevada Dep't of Corr.*, Case No. 2:20-cv-00504-GMN-EJY (D. Nev.) (identified as *Malone II*), constituted a strike under the PLRA. ECF No. 3 at 2–3. In making this finding, I overlooked that the dismissal was mixed. Some claims were dismissed for failure to state a claim for relief. *Malone II*, ECF No. 9 at 4–7. But other claims were dismissed because they were asserted for the first time in Malone's first amended complaint and did not relate back to his original complaint. *Id.* at 7–8. Courts "assess a PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason under the Act." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057

(9th Cir. 2016). The Ninth Circuit does not appear to have addressed whether dismissal in this context constitutes a strike. So out of an abundance of caution, I vacate my finding that the dismissal of *Malone II* constitutes a strike under the PLRA.

Additionally in denying Malone's IFP application, I found that the district court's June 12, 2023, dismissal of *Malone v. State of Nevada*, Case No. 2:23-cv-00217-APG-NJK (D. Nev.) (identified as *Malone III*), constituted a strike under the PLRA. ECF No. 3 at 3. In making this finding, I mistakenly determined it was a full dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). But the complaint in *Malone III* sought more than damages; it also asked for Malone's immediate release from custody. *Malone III*, ECF No. 10 at 4. Because the part of the complaint in *Malone III* seeking immediate release from custody sounded in habeas, that action was not fully dismissed under *Heck*. *See Washington*, 833 F.3d at 1056–57. Accordingly, I vacate my finding that the dismissal of *Malone III* constitutes a strike under the PLRA.

The upshot of this analysis is that Malone had amassed only two strikes under the PLRA when he initiated this action, not four as I previously found. This necessarily means that my reason for denying Malone's IFP application is no longer applicable. Accordingly, I also vacate my decision denying Malone's IFP application and the corresponding deadline for him to pay the full $405 filing fee if he wants to proceed with this action.

## II.     Conclusion

It is therefore ordered that the July 11, 2024, order (ECF No. 3) is vacated in part as to: (1) the finding that the district court's May 14, 2021, dismissal of *Malone v. Nevada Dep't of Corr.*, Case No. 2:20-cv-00504-GMN-EJY, constitutes a strike under the PLRA; (2) the finding that the district court's June 12, 2023, dismissal of *Malone v. State of Nevada*, Case No. 2:23-cv-00217-APG-NJK, constitutes a strike under the PLRA; (3) the decision denying Malone's application to proceed *in forma pauperis*; and (4) the deadline for Malone to pay the $405 filing fee if he wants to proceed with this action.

It is further ordered that all other aspects of the July 11, 2024, order (ECF No. 3) remain in force.

Malone is advised that because he filed a complete application to proceed *in forma pauperis* (ECF No. 1), the court will screen his complaint (ECF No. 1-1) in the ordinary course.

The Clerk of the Court is directed to reinstate plaintiff Domonic Malone's application to proceed *in forma pauperis* (ECF No. 1).

Dated: July 22, 2024

_____
Cristina D. Silva
United States District Judge

3